UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case NO: 16-23194-CV-COOKE/TORRES

ANITA BARNWELL,
    Plaintiff,

vs.

DAVID J. SHULKIN, SECRETARY
UNITED STATES DEPARTMENT OF
VETERANS AFFAIRS,
    Defendant.

---

**PLAINTIFF'S MOTION TO STAY PROCEEDINGS DUE TO DEFENDANT'S PENDING MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW, Plaintiff, Anita Barnwell, by and through her undersigned attorneys, and requests this Court stay the proceedings pursuant to the Eleventh Circuit's holding in *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997), and in support thereof, states as follows:

### BACKGROUND

1. Despite being ripe for over nine (9) months, this Court still has not issued any ruling regarding Defendant's Motion to Dismiss Plaintiff's Amended Complaint [D.E. 11, 19, & 20].

2. Nowhere in Defendant's Motion for Summary Judgment does Defendant state that its Motion to Dismiss remains pending before this Court.

3. Despite the mandate in Local Rule 7.1(b)(4) that Defendant, as the Movant, "shall" inform the Court its motion remains pending, Defendant still has not filed any such notification.

4. On August 31, 2016, Plaintiff filed her Amended Complaint [D.E. 9].

5. On September 14, 2016, Defendant filed its Motion to Dismiss Plaintiff's Amended Complaint [D.E. 11].

6. Then on October 20, 2016, Plaintiff timely filed her response in opposition to Defendant's Motion to Dismiss [D.E. 19].

7. Defendant filed its Reply to Plaintiff's Response in Opposition to Defendant' Motion to Dismiss on October 31, 2016 [D.E. 20]

8. Despite being ripe for over nine (9) months, since October 31, 2016, the Court still has not yet ruled on Defendant's Motion to Dismiss.

9. On July 20, 2017, Defendant filed its Motion for Summary Judgment [D.E. 66].

10. Furthermore, Plaintiff still is waiting on this Court's Ruling on Plaintiff's Motion to Compel Defendant's Corporate Representative's Deposition and/or Clarification of Court's June 5, 2017 Order [D.E. 62]

11. Plaintiff's motion has only been ripe for approximately two weeks.

12. The scope of Plaintiff's Deposition can be greatly impacted by this Court's ruling on Defendant's Motion to Dismiss.

13. Additionally, Plaintiff will be required to expend additional resources in pursuing this matter, if Plaintiff is ordered to proceed before the Court rules on Defendant's Motion to Dismiss.

WHEREFORE, Plaintiff requests this Court stay all proceeding in this matter until it rules on Defendant's Motion to Dismiss Plaintiff's Amended Complaint [D.E. 11], or allow Plaintiff two (2) weeks additional time to respond to Defendant's Motion for Summary Judgment after this Court rules on Defendant's Motion to Dismiss.

## MEMORANDUM OF LAW

**A. Under Local Rule 7.1(b)(4) Defendant was under a duty to notify the Court that its motion to dismiss remained pending for over ninety days, which Defendant failed to do.**

Local Rule 7.1(b)(4) states:

> (A) **any motion** or other matter **which has been pending and fully briefed with no hearing set thereon for a period of ninety (90) days,** and
>
> (B) any motion or other matter as to which the Court has conducted a hearing but has not entered an order or otherwise determined the motion or matter within ninety (90) days of the hearing, **the movant** or applicant, whether party or non-party, **shall serve on all parties and any affected non-parties within fourteen (14) days thereafter a "Notification of Ninety Days Expiring"** …(emphasis added)

In 2006, the Southern District changed the language of Local Rule 7.1. The original version allowed for any party to request the Clerk to send the Court the "Notification of Ninety Day Expiring". Administrative Order 2006-02. (S.D. Fla. Jan. 6, 2006). Now, the rule states, "[T]he movant … shall serve on all parties and any affected non-parties within fourteen (14) days thereafter a "Notification of Ninety Days Expiring". Local Rule 7.1(b)(4). The rule, as amended, now only permits the movant or applicant to file such a notification, and provides no means for a non-movant, such as Plaintiff here, to file the notification.

In this case, the movant, or Defendant, failed to fulfill its obligation in providing the "Notification of Ninety Days Expiring", which likely contributed to the Court's failure to rule on Defendant's Motion to Dismiss [D.E. 11] in a timely fashion. Local Rule 7.1(b)(4).

### B. Pursuant to the Eleventh Circuit's Holding in *Chudasama,* this Court should stay the proceedings in this matter until it Rules on Defendant's Motion to Dismiss.

As stated by the Eleventh Circuit, "**Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss** based on failure to state a claim for relief, **should, however, be resolved before discovery begins.**" *Chudasama,* 123 F.3d at 1367 (emphasis added). The Eleventh Circuit went on to state:

> Allowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case **does nothing but waste the resources of the litigants** in the action before the court, **delay resolution of disputes between other litigants, squander scarce judicial resources**, and **damage the integrity and the public's perception of the federal judicial system**.

*Id.* at 1368 (emphasis added). *See also World Holdings, LLC, v. F.R.G.*, 701 F.3d 641, 655 (11th Cir. 2012)("We have suggested that a failure to rule on [a motion to dismiss] would in itself be an abuse of discretion." (citing *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1292 (11th Cir. 2005)); *and see Odion v. Google, Inc.,* No. 14-12394 (11th Cir. Oct. 5, 2015)("When the Court's mismanagement of a case materially prejudices a litigant's rights, the district court has abused its discretion, and we must redress that abuse"(citation omitted)).

In this case, Defendant's Motion to Dismiss has been ripe for ruling since October 31, 2016. [D.E. 20]. Despite being ripe for over nine (9) months, Defendant has failed to bring its outstanding motion to the attention of the Court, as required under Local Rule 7.1(b)(4). Defendant then filed its Motion for Summary Judgment, which provide no notice to the Court that it still has a pending motion to dismiss. Due to Defendant's failure to notify the court, as required under the local rules, the parties have potentially wasted resources, this claim has potentially been delayed, and judicial resources have potentially been squandered.

Before the litigants potentially waste any more time and resources on this matter, we request that this Court rule on Defendant's Motion to Dismiss Plaintiff's Amended Complaint.

## CONCLUSION

Before the litigants potentially waste any more time and resources on this matter, we request that this Court rule on Defendant's Motion to Dismiss Plaintiff's Amended Complaint.

WHEREFORE, Plaintiff requests that this Court Stay all proceedings until after it rules on Defendant's Motion to Dismiss Plaintiff's Amended Complaint. After such ruling, Plaintiff requests that Plaintiff be given two (2) weeks to schedule the deposition of Defendant's Designated Corporate Representative, and be able to file a Motion for Summary Judgment four (4) weeks after that. Plaintiff also requests that all outstanding deadlines be extended until such time after the Court rules on Defendant's Motion to Dismiss Plaintiff's Amended Complaint, as justice so requires.

## LOCAL RULE 7.1(A)(3) CERTIFICATION

Counsel for Plaintiff has attempted to call, and sent correspondence with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to reach such parties. Plaintiff attempted to call on Monday, July 31, 2017, and on Tuesday, August 2, 2017. Plaintiff's counsel also mailed a letter to Defendant's Counsel on August 2, 2017, stating that this Motion was time sensitive, and that Plaintiff is willing to discuss this motion with Defendant's Counsel at any time to discuss resolving the issues stated in this motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing document was filed and sent via CM/ECF to Defendant's counsel Maureen Donlan, Assistant United States Attorney, on this 2nd day of August, 2017.

Respectfully submitted,

Jason N. Rozencweig, Esq.,
FL Bar No.: 0105528
E-Mail: gadeservice@gmail.com
395 Alhambra Circle, Suite 301
Coral Gables, FL  33134
(305) 569-9980
Attorneys for Plaintiff Anita Barnwell