UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-23194-Civ-COOKE/TORRES

ANITA BARNWELL,

    Plaintiff,

vs.

ROBERT MCDONALD,

    Defendant.
_____/

## ORDER ON DEFENDANT'S MOTION TO DISMISS

Plaintiff Anita Barnwell ("Plaintiff") brings this action against Defendant David J. Shulkin, Secretary, United States Department of Veterans Affairs ("Defendant")[1] under Title VII of the Civil Rights Act of 1964 ("Title VII"), 45 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, ("ADEA") to recover damages for alleged discrimination and retaliation due to her age and race. *See* Am. Compl., ECF No. 9, ¶ 1. Defendant filed a Motion to Dismiss (ECF No. 11), to which Plaintiff filed a Response (ECF No. 19). Defendant then filed his Reply (ECF No. 20). As discussed below, Defendant's Motion is granted in part and denied in part.

### I. BACKGROUND

Plaintiff is an African American woman over the age of forty who has worked for the Department of Veterans Affairs ("VA") for over 30 years. Am. Compl., ECF No. 9, ¶ 7. She was initially hired at the Miami-Dade VA Branch. *Id.* On November 21, 2011, Plaintiff claims she was sent on a detail to the Broward County Outpatient Clinic ("Broward Clinic") to perform the duties of a GS-11 employee and was told she would be paid at that level. *Id.* at ¶ 9. Prior to that, Plaintiff had been Assistant Chief in Ambulatory Care, a GS-9 position. *Id.* at ¶ 8. According to Plaintiff, "at all times material hereto," her supervisor frequently stated that her goal "was to get rid of the 'dead wood' in the Miami-Dade VA Branch." *Id.*

---

[1] Mr. Robert McDonald was succeeded by Mr. David J. Shulkin as the United States Secretary of Veterans Affairs.

at ¶ 10. Plaintiff alleges other racially charged incidents occurred, but does not specify them, except one incident in which Plaintiff's supervisor, Ms. Watson, allegedly threatened certain employees behind closed doors to try to stop them from reporting her discriminatory actions. *Id.* at ¶ 11. While Plaintiff's detail to Broward was only supposed to last ninety days, she remained at that location until August 23, 2013, when she was transferred back to the Miami-Dade VA Branch as a GS-9 Medical Support Supervisor, a move Plaintiff considered a demotion. *Id.* at ¶¶ 12, 16, 35. She was never paid at the GS-11 rate. *Id.* at ¶13. Plaintiff sought EEO counseling and filed a formal EEOC complaint on January 23, 2014, alleging employment discrimination for not being paid at the GS-11 level due to her age and race. *Id.* at ¶ 15. Plaintiff maintains that after she filed her formal discrimination complaint, her work environment became increasingly hostile and she was left doing simple data entry and clerical work. *Id.* at ¶¶ 17, 20.

Plaintiff brings three counts: Discrimination in Violation of Title VII on the basis of race (Count I); Retaliation in Violation of Title VII for complaining of Defendants' alleged acts of discrimination (Count II); and Discrimination in Violation of the Age Discrimination in Employment Act of 1967 because of her age (Count III).

## II. LEGAL STANDARD

When considering a Federal Rule of Civil Procedure 12(b)(6)[2] motion to dismiss, the Court must accept a plaintiff's factual allegations as true and construe them broadly, in the light most favorable to the plaintiff. *See Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007); *Cottone v. Jenne*, 326 F.3d 1352, 1355 (11th Cir. 2003). Dismissal is only appropriate where it is clear the plaintiff can prove no set of facts in support of the claims in her complaint. *Powell v. United States,* 945 F.2d 374, 375 (11th Cir.1991). Accordingly, the court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) when,

---

[2] Defendant actually challenges Plaintiff's Amended Complaint with a factual attack on subject matter jurisdiction, *see* Motion, p. 3; however, the appropriate standard is that of a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. "As the Supreme Court has held, 'filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a prerequisite that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling.'" *Prewitt v. City of Northport, AL*, 2017 WL 2719319, at *6 (N.D. Ala. June 23, 2017) (quoting *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)).

on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action. *Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

In reviewing the motion, the Court "may only examine the four corners of the complaint and not matters outside the complaint without converting the motion to dismiss to a motion for summary judgment." *Caravello v. Am. Airlines, Inc.*, 315 F. Supp. 2d 1346, 1348 (S.D. Fla. 2004). A document attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment only if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed. *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) (citing *Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir.1999)). "While normally on a motion to dismiss the Court must accept the facts alleged in a complaint as true, if an allegation in the complaint is contradicted by a document incorporated by reference therein and which reveals facts foreclosing recovery as a matter of law, dismissal is appropriate." *CC-Aventura, Inc. v. Weitz Co., LLC*, 06-21598-CIV, 2006 WL 3499113 (S.D. Fla. Dec. 4, 2006) (citing *Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)).

Here, Defendant challenges Plaintiff's Amended Complaint by attaching three documents relating to Plaintiff's informal EEO counseling and her formal EEOC complaint: Exhibit A, VA Counselor Report; Exhibit B, Plaintiff's Formal EEOC Complaint; and Exhibit C, Final Agency Order. Plaintiff does not dispute any of the documents attached by Defendant.

### III. DISCUSSION

Defendant moves to limit the issues identified in the Amended Complaint "to the issue identified by the EEOC during the administrative process." Defendant's Motion, ECF No. 11, p. 3. In limiting the issues, Defendant seeks to dismiss outright Count II (retaliation), and dismiss all of the allegations in Plaintiff's Amended Complaint that are not related to Plaintiff's loss of pay allegations because Plaintiff has failed to exhaust her administrative remedies as to those claims. "Prior to filing a Title VII action, . . . a plaintiff first must file a charge of discrimination with the EEOC." *Gregory v. Georgia Dep't of Human Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004). "The purpose of this exhaustion requirement is that the [EEOC] should have the first opportunity to investigate the alleged discriminatory

practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts." *Id.* (internal quotations marks omitted). The same exhaustion requirement holds true for complaints alleging violations of ADEA. *See Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001) ("As a general rule, an employee who wishes to sue his employer for age discrimination must first file an administrative charge of discrimination with the EEOC.").

Once the EEOC has issued a right to sue letter, a plaintiff may file a judicial complaint. "The starting point of ascertaining the permissible scope of a judicial complaint alleging employment discrimination is the administrative charge and investigation. No action alleging a violation of Title VII may be brought unless the alleged discrimination has been made the subject of a timely-filed EEOC charge." *Thomas v. Miami Dade Pub. Health Tr.*, 369 F. App'x 19, 22 (11th Cir. 2010) (quoting *A.M. Alexander v. Fulton County, Ga.*, 207 F.3d 1303, 1332 (11th Cir. 2000) (overruled on other grounds by *Manders v. Lee*, 338 F.3d 1304, 1328 n.52 (11th Cir. 2004)). "[J]udicial claims are allowed if they 'amplify, clarify, or more clearly focus' the allegations in the EEOC complaint, but . . . allegations of new acts of discrimination are inappropriate." *Gregory v. Georgia Dep't of Human Res.*, 355 F.3d 1277, 1279–80 (11th Cir. 2004). "Well settled law requires exhaustion of *each* discrete claim of discrimination." *Prewitt v. City of Northport, AL*, 2017 WL 2719319, at *7 (N.D. Ala. June 23, 2017) (emphasis added).

### A. Counts I and III

In Plaintiff's informal EEO counseling with the VA, her claim revolved around her being paid at the GS-9 rate, rather than the GS-11 rate, while on detail at the Broward Clinic. Counselor's Report, ECF No. 11-1, p. 3. In her formal discrimination complaint with the EEOC, the act of discrimination on which she based her complaint was the same: the continued failure of Defendant to pay her at the GS-11 rate during her detail at the Clinic in Broward. EEOC Compl., ECF No. 11-2, p. 3–4. In her Amended Complaint (ECF No. 9), Plaintiff adds additional allegations of discrimination, namely that she was denied various promotions, denied the opportunity to apply for other promotions, and she received a demotion upon returning to the Miami VA office after her Broward detail. Plaintiff cites to *Sanchez v. Standard Brands, Inc.* for the proposition that "it is well established that 'the scope of an EEOC complaint should not be strictly interpreted.'" *Sanchez v. Standard Brands, Inc.*,

431 F.2d 455, 465 (5th Cir. 1970).[3] However, *Sanchez* goes on to say "the 'scope' of the judicial complaint is limited to the 'scope' of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Id.*, at 466. As Plaintiff notes in her Response, "the civil action is much more intimately related to the EEOC investigation than to the words of the charge which originally triggered the investigation." Response, ECF No. 19, p. 4 (quoting *Sanchez*, 431 F.2d 455).

In the case at bar, after an investigation was conducted, the EEOC administrative law judge determined that the sole issue to be determined was whether Plaintiff's payment at a GS-9 level rather than a GS-11 level amounted to discrimination under Title VII or the ADEA; there was no mention of any other acts of discrimination. Final Agency Order, ECF No. 11-3, p. 7–8. The EEOC would not have been on notice to investigate the other acts of discrimination currently alleged by Plaintiff because they do not relate to Plaintiff's charge of not receiving pay at the GS-11 level and were not raised in Plaintiff's initial charge. *See Gregory*, 355 F.3d at 1279. As such, they do not 'amplify, clarify, or more clearly focus' Plaintiff's claims and constitute new acts of discrimination. *Gregory,* 355 F.3d at 1279–80; *see also Thomas, 369 F. Appx* at 22–23 ("Thomas's EEOC charge specifically described two acts of retaliation that were presented to the EEOC for investigation. . . . Accordingly, any other acts of retaliation that occurred prior to the date of the EEOC charge that were not included in the charge were not exhausted and could not be considered by the district court.").

Because facts supporting any purported demotion or failure to promote "claim would have occurred prior to Plaintiff's termination and the filing of [her] EEOC charge, those claims are subject to exhaustion requirements." *Prewitt*, 2017 WL 2719319 at *7. Plaintiff did not exhaust her discrete claims of failure to promote and demotion and they are thus barred; the only allegations properly before the Court are the allegations relating to Plaintiff's lack of pay at the GS-11 level.

**B. Count II**

With respect to Plaintiff appropriately exhausting her claim of retaliation, Plaintiff has adequately alleged in her Amended Complaint that the retaliation in the form of a

---

[3] The Eleventh Circuit has adopted, as binding precedent, all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

5

hostile work environment that occurred after she sought informal EEO counseling and filed her formal EEOC Complaint grew out of her filing the EEOC charge. "[I]t is unnecessary for a plaintiff to exhaust administrative remedies prior to urging a retaliation claim growing out of an earlier charge; the district court has ancillary jurisdiction to hear such a claim when it grows out of an administrative charge that is properly before the court." *Thomas*, 369 F. App'x 19, 23 (11th Cir. 2010) (quoting *Gupta v. East Texas State Univ.,* 654 F.2d 411, 414 (5th Cir. 1981)).

However, "the district court [can] only consider claims to the extent [the plaintiff] contend[s] they were caused by the filing of her EEOC charge . . . ." *Id.* "[W]hen the alleged retaliatory action occurs *before* an EEOC charge is filed, a plaintiff must exhaust his or her administrative remedies as to that claim by including factual information in the charge that discloses the factual basis for the claim." *Prewitt*, 2017 WL 2719319 at *7 (citing *Thomas*, 369 F. App'x at 22). Plaintiff cites to *Gregory* to show that "a claim of retaliation based on race and sex discrimination is inextricably intertwined with an EEOC charge that alleges race and sex discrimination yet fails to make any mention of retaliation." Resp., p. 5 (citing *Gregory*, 335 F.3d at 1277). However, the plaintiff in *Gregory* still alleged facts in her initial EEOC charge that would have supported a claim of retaliation. *Gregory*, 335 F.3d at 1280. Additionally, the *Gregory* court made much of the fact that the plaintiff had filed her EEOC charge *pro se*, *see generally Gregory,* 335 F.3d, which is not the case here. *See* EEOC Compl., p. 2. Therefore, Plaintiff's allegations of retaliation that occurred before her EEOC charge was filed are barred for failure to exhaust administrative remedies and are not properly before the Court. *See Thomas*, 369 F. App'x at 22–23. Pl

## IV. CONCLUSION

Having reviewed the arguments and the record, it is hereby **ORDERED and ADJUDGED** as follows:

1. Defendants Motion to Dismiss (ECF No. 11) is **GRANTED in part** and **DENIED in part**.
2. Counts I and III in Plaintiff's Amended Complaint are limited to Plaintiff's allegations that she was paid at the incorrect level while on detail at the Broward Clinic.
3. Count II is limited to Plaintiff's allegations occurring after her EEOC charge was

6

filed.

**DONE AND ORDERED** in chambers at Miami, Florida, this 27th day of September 2017.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of record*